# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ROBLES-VARGAS,<br><br>                     Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                     Respondent. | CASE NO. 05CR0117 H<br>CASE NO. 07CV0861 H<br><br>ORDER DENYING PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 |

On May 14, 2007, Petitioner filed a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Petition"). (Doc. No. 14.) Respondent filed a response on July 16, 2007 ("Resp."). (Doc. No. 20.) Petitioner filed a reply on October 16, 2007 ("Reply"). (Doc. No. 25.) Based on the reasoning below, the Court DENIES Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## Background

On March 15, 2005, Petitioner pled guilty, without a plea agreement, to illegally being in the United States as a deported alien, in violation of 8 U.S.C. § 1326. (Doc. No. 9.) At the time Petitioner was found in the United States, he was a citizen of Mexico who had previously been deported from the United States. (Resp. Ex. 2 at 13-14.) He did not have any legal right to be in the United States, nor did he have

permission to be in the United States from the Attorney General or his designated successor. (Id.)

At sentencing, the Court considered the advisory guidelines and the 3553(a) factors under 28 U.S.C. § 3553(a). The Court granted Petitioner a two level departure under Advisory Sentencing Guideline 5K2.0 and United States v. Cook, 938 F.2d 149 (9th Cir. 1991), and Koon v. United States, 518 U.S. 81 (1996). The Court took into consideration Petitioner's lengthy criminal history and that he had a chance after he was deported in 2003 on two occasions to Mexico not to face additional time in custody. (Transcript of Sentencing 5:13-16.) Nevertheless, the Court exercised its discretion under the advisory guidelines and the 3553(a) factors to grant Petitioner a two level departure and imposed the low end of 63 months. On June 20, 2005, the Court sentenced Petitioner to 63 months imprisonment followed by three years of supervised release. (Doc. No. 12.) The Court entered judgment on June 21, 2005. (Doc. No. 13.) Petitioner did not appeal his conviction, and the judgment became final on or about July 6, 2005. On May 14, 2007, Petitioner filed this Petition. (Doc. No. 14.)

**Discussion**

**A.   Request for a Downward Departure**

Petitioner does not appear to challenge the constitutionality of his sentence, but instead seeks an additional departure of two levels concerning his placement within the Bureau of Prisons. For example, he seeks a further reduction in his sentence for his failure to qualify for a halfway house placement or a reduction in his sentence for his substance abuse program under the Equal Protection Clause of the United States Constitution.[1]

In McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999), the Ninth Circuit rejected a similar challenge to placement options and sentence reductions for

---

[1] To the extent Petitioner is raising a free-standing Equal Protection claim, the Court notes that Petitioner should instead file a petition under 28 U.S.C. § 2241, and not under § 2255. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

noncitizens serving a sentence within the Bureau of Prisons. Aliens present in the United States, even those whose presence is unlawful, are "guaranteed due process of law by the Fifth and Fourteenth Amendments." Plyler v. Doe, 457 U.S. 202, 210 (1982). Analysis of an equal protection claim alleging improper classification involves two steps. McLean, 173 F.3d at 1185 (quoting United States v. Lopez-Flores, 63 F.3d 1468, 1472 (9th Cir. 1995)). First, the individual must show that the government action results in "members of a certain group being treated differently from other persons based on membership in that group." Id. Next, if a litigant demonstrates that a "cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified." Id. Federal legislation concerning immigration that classifies on the basis of alienage is subject to scrutiny under rational basis review. Lopez-Flores, 63 F.3d at 1475. "Only classifications that arbitrarily subject all resident aliens to different substantive rules from those applied to citizens will fail to survive [rational basis] scrutiny." Id. (quoting Hampton v. Mow Sun Wong, 426 U.S. 88, 101 (1976)). Furthermore, a departure from the advisory sentencing guidelines based on the collateral consequences of a prisoner's status as a deportable alien, while permissible, is generally proper only where the difference in the severity of a prisoner's sentence is substantial. United States v. Charry Cubillos, 91 F.3d 1342, 1343-44 (9th Cir. 1996).

A rehabilitation program designed to reintroduce citizens in prison into society is rational because the purpose behind a program of preparing prisoners for re-entry into domestic society does not apply to deportable aliens. See McLean, 173 F.3d at 1185. The government has a legitimate interest in allocating resources to rehabilitate inmates who will be released into the United States. Furthermore, the exclusion of deportable aliens from reintroduction programs is based on legitimate concerns including the potential for flight and eventual deportation. See Charry Cubillos, 91 F.3d at 1344. Accordingly, Petitioner's exclusion from such programs or other Bureau of Prison programs based on his status as a deportable alien is not arbitrary and survives rational

basis review. The Court concludes that Petitioner's equal protection argument fails and, accordingly, the Petition fails on the merits. Furthermore, the Court considered the severity of Petitioner's sentence as a deportable alien during the sentencing and concludes that no further downward departure is warranted.

**B.     Statute of Limitations**

Respondent argues that the Petition is time barred under 28 U.S.C. § 2255. (Resp. 3.) The Court agrees. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year limitation period for prisoners to file a habeas petition in federal court. The section states, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A conviction becomes final when the time for filing a notice of appeal expires. See United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005). The time for filing a notice of appeal expires ten days from the entry of judgment in district court. Fed. R. App. P. 4. The Court entered judgment against Petitioner on June 21, 2005. (Doc. No. 13.) Petitioner did not appeal his conviction or sentence, and thus the conviction became final on July 6, 2005.

Petitioner filed this Petition on May 14, 2007. (Doc No. 14.) Because the Petition was filed more than one year from the date Petitioner's conviction became final, the Petition is time barred under section 2255(f) unless an exception applies.

**1. Statutory Tolling**

The Court concludes that Petitioner is not entitled to statutory tolling within the meaning of section 2255(f)(2). To constitute an impediment to trigger statutory tolling, the government must have imposed the impediment in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(f)(2); see Shannon v. Newland, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005). Although prisoners have a right to reasonable access to the courts, prisoners have no "abstract, freestanding right to a law library or legal assistance. . . ." Lewis v. Casey, 518 U.S. 343, 351 (1996). For lack of access to a prison law library to rise to the level of a constitutional violation, the prisoner must show that "alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. A prison may provide reasonable access simply by allowing prisoners to prepare legal materials in their cell. Hatfield v. Bailleaux, 290 F.2d 632, 639-40 (9th Cir. 1961).

Here, Petitioner has not pointed to any shortcoming in the prison library other than that the prison limited Petitioner's access to only one hour per day, five days a week, that a library staff member was available to help prisoners with their questions, and that on occasion the library was closed. (Reply 3, Reply Ex. 2 at 1, 2.) The Court concludes that Petitioner fails to establish that his access to the library was insufficient to allow him to prepare his habeas petition within one year of his conviction becoming final. Without a causal connection between the alleged impediment and the failure to file a timely habeas petition, the government impediment exception does not apply. Bryant v. Arizona Att'y Gen., 499 F.3d 1056, 1060 (9th Cir. 2007). Accordingly, the Court concludes that Petitioner is not entitled to statutory tolling under section

2255(f)(2).

## 2. Equitable Tolling

The Court also concludes that Petitioner fails to establish that equitable tolling applies. A prisoner seeking equitable tolling must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Furthermore, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). The Court concludes that Petitioner's allegations do not allege extraordinary circumstances sufficient to trigger equitable tolling. Cf. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The statute of limitations began to run on July 6, 2005, the day Petitioner's conviction became final, and the Petition filed on May 14, 2007, is untimely.

## Conclusion

For the reasons stated above, the Court DENIES Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 or alternatively under 28 U.S.C. § 2241.

IT IS SO ORDERED.

DATED: March 19, 2008

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.